## Lorenzi, Demandante y Apelado, *v.* Parra, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de San Juan,
Sección Primera, en pleito sobre entrega de bienes mue-
bles.

No. 2043.—Resuelto en mayo 27, 1920.

Compraventa Nula por Incapacidad del Vendedor—Restitución del Precio Re-
cibido—Enriquecimiento del Menor de Edad—Alegación Necesaria.—Es
errónea una sentencia que declarando nulo un contrato de venta de un auto-
móvil celebrado entre un mayor y un menor de edad, por incapacidad de éste,
ordena que el menor restituya la parte de precio recibido, sin que se hubiere
alegado previamente y probado por el demandante que el menor enriqueciera
con dicha parte de precio. El hecho de que el menor retenga el automóvil

y la parte de precio recibido no es prueba de enriquecimiento pues este no consiste en la mera entrega de cierta cantidad a un menor sin justificarse la inversión por éste y sin concretarse cumplidamente que dicha suma ha producido aumento o beneficio en el patrimonio del mismo.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. F. Géigel.*

Abogado del apelado: *Sr. L. Villaronga.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

En la demanda, fechada el 30 de junio de 1916, alegó el demandante que compró al demandado un automóvil por precio de $425, de los cuales le entregó $325 al celebrarse el contrato, habiéndole satisfecho después $17 más, y que los restantes $83 debía entregárselos al vendedor el día 30 de junio de 1916, pero habiéndose negado el demandado a recibirlos, consignaba esa cantidad en la secretaría de la corte y suplicaba que se condenara al demandado a entregarle dicho automóvil. Esta es la única petición de la demanda.

La sentencia dictada en el pleito declaró nulo el contrato de compraventa entre las partes y ordenó que debe entregarse al demandado el referido automóvil y que el demandado debe devolver al demandante $342 que a cuenta del precio de dicho automóvil recibió del demandante, sin especial condena de costas.

Alega el demandado apelante en este recurso, que la corte inferior cometió error al declarar que el contrato celebrado por él con el apelado era de compraventa y no de préstamo con garantía del automóvil, pero hemos examinado las pruebas que se presentaron en el juicio y no podemos declarar que la corte cometiera el error que se le atribuye.

Aunque el apelante alegó y probó en el juicio que era menor de edad cuando celebró el contrato con el apelado, la corte, sin embargo, a pesar de haber declarado nulo dicho contrato, lo condenó a que restituyera y entregase al demandante los $342 que había recibido a cuenta del precio. Contra esta parte de la sentencia se aducen los otros dos

motivos del recurso alegándose que, como cuestión de hecho, no se probó que el demandado ocultara su edad al demandante y que no está obligado a restituir esa cantidad porque no se ha probado que se enriqueciera con ella.

En cuanto al primero de esos dos motivos, convenimos con el apelante en que no ocultó su edad al apelado, ni trató de ocultársela, pues según la declaración de Guillermo Escudero, testigo del demandante y por cuya mediación éste hizo el negocio, cuando se le preguntó al demandado si era mayor de edad contestó que si y que si no lo fuera, estaba emancipado desde los diez y ocho años por una trastada que le había hecho a su madre; contestación que dada la forma en que fué hecha, no demuestra que ocultara su minoría de edad y antes al contrario debió ser muy sospechosa para el demandante. Sin embargo, sea de ello lo que fuere, la cuestión verdaderamente importante en el presente caso es la de si está obligado el apelante a devolver la cantidad que recibió por el contrato que celebró siendo menor de edad, que es nulo según el artículo 1230, No. 1°. del Código Civil por falta de capacidad para prestar su consentimiento.

A pesar de que el contrato sea nulo por incapacidad de uno de los contratantes, dispone el artículo 1271 del Código Civil que el incapaz no está obligado a restituir sino en cuanto se enriqueció con la cosa o precio que recibiera. No se alegó ni se presentó evidencia alguna para probar que el apelante se enriqueció con el precio recibido, prueba que es necesaria para que pueda ser condenado el apelante a la restitución, según se declaró por este Tribunal Supremo en el caso de *Monge* v. *Zechini,* 17 D. P. R. 769, y por el Tribunal Supremo de España en sus sentencias de 22 de octubre de 1894, 21 de octubre de 1897 y 24 de junio de 1898.

. El hecho de que el apelante conserve el automóvil objeto de la venta y que haya recibido cierta cantidad de dinero por la enajenación que se declara nula, no es prueba de enriquecimiento, pues éste, según la sentencia citada de 22 de octubre de 1894, no consiste en la mera entrega de cierta

cantidad a un menor sin justificarse su inversión y sin concretarse cumplidamente que la suma recibida por el menor ha producido aumento o beneficio en su patrimonio. Estimar que la cantidad recibida por un incapaz aumenta siempre su peculio, que lo enriquece y que por esto debe ser devuelta, equivale a dejar sin efecto el precepto de la ley consignado en el artículo 1271 citado. Además, la prueba en este caso demostró que el menor quería ese dinero para malbaratarlo.

Como hemos visto, en la sentencia se ordena que al demandado debe entregársele, y se ordena que se le entregue el automóvil, a pesar de que de la demanda, de las pruebas y de los hechos declarados probados por el juez sentenciador resulta que el automóvil se halla en poder del demandado, por lo que ha sido sin duda una equivocación de la corte inferior el ordenar que se entregue al demandado dicho automóvil.

Por las razones expuestas la sentencia apelada debe ser revocada y dictarse otra declarando sin lugar la demanda.

> *Revocada la sentencia apelada y desestimada*
> *la demanda sin especial condena de costas.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. Hutchison no tomó parte en la resolución de este caso.